## Ackerman v. Ackerman.

*Divorce—Amendment—Desertion—Adultery—Additional cause of action subsequent to libel.*

1. On the trial of an action for divorce where the libel was originally filed for desertion and subsequently amended by adding adultery as an additional cause of action, evidence to prove acts of adultery by the respondent after the filing of the libel is inadmissible, as a divorce could not be granted for a cause of complaint which did not exist when the libel was filed.

2. In such case the evidence of respondent's adultery being inadmissible, it is immaterial whether or not the libellant committed adultery, and the verdict on the part of the issue framed covering this question should be stricken from the record.

Rule for a new trial. C. P. Lancaster Co., Feb. T., 1921, No. 23.

*B. F. Davis* and *B. F. Davis, Jr.*, for libellant and rule.

*John A. Nauman* and *Robert F. Fox*, for respondent.

HASSLER, J.—Twelve reasons for a new trial have been filed in this case. It will be unnecessary to consider them separately, as only two of the questions raised in them are insisted upon. These are, first, whether we erred in excluding testimony and taking from the consideration of the jury the issue, viz., whether the respondent was guilty of adultery; and, secondly, whether, under the testimony, the jury was justified in finding that the libellant was guilty of adultery.

The libel was filed on Jan. 11, 1921, and in it desertion is the only cause for divorce. On June 18, 1921, it was amended by the addition of adultery as an additional cause for divorce. No date of the commission of the alleged adultery was stated in the amendment. A bill of particulars was subsequently filed, in which it is stated that the alleged adultery of the respondent was committed on May 20, 1921, four months after the date of filing the libel. An answer was subsequently filed by respondent, denying all the allegations of the libel and its amendment, and alleging that the libellant had been guilty of adultery. An issue, or rather three issues, were subsequently framed, as follows: First, whether the respondent wilfully and maliciously deserted the libellant on Feb. 16, 1919; second, whether the defendant committed adultery with John R. Kobler and others unknown to the libellant; and, third, whether the plaintiff committed adultery. The first issue was found in favor of the respondent.

3 D. & C.

Ackerman *v.* Ackerman.

At the trial, we excluded all testimony offered to show the commission of adultery by the respondent after the date of filing the libel. This, it is contended, was error. Section 2 of the Act of March 13, 1815, 6 Sm. Laws, 287, provides that *the party injured* may present his or her petition or libel in the proper county, setting forth his *causes of complaint,* in order to obtain a divorce. The causes of complaint must necessarily be those existing at the time of filing the libel, or the party would not be injured and have a cause of complaint. That a libel may be amended to add other causes of complaint is not questioned, but the additional causes must be such as existed at the time of filing the original libel, or we might have a proceeding begun and a divorce granted for a cause of complaint which did not exist at the time such proceeding was begun.

The appellate courts have not passed upon this question, so far as we have been able to find, and the Courts of Common Pleas do not agree in their views of it. In Mallon *v.* Mallon, 11 Dist. R. 456, a libel charging cruel or barbarous treatment and indignities to the person was, on petition, amended by adding a charge of desertion which took place about a month after the litigation commenced. Upon consideration of the report of the master, the court recommitted it to him to report, among other things, whether or not, as a matter of law, a decree of divorce might be had in a suit commenced before the inception of the offence charged. The master reported in favor of the libellant on that point. The court disapproved the report in this particular. The proofs returned with the original report made it clear that the respondent had not been guilty of desertion when libellant instituted her proceedings. Holding that the amendment was improvidently allowed, and that the cause of action insisted on had not arisen when the proceedings were instituted, the court dismissed the libel. Judge Wiltbank, in his opinion, said: "The master cites this case as warrant for the allowance of the amendment under consideration, on the ground that a proceeding in divorce in Pennsylvania is equitable in its character and the amendment introduced no new cause of action. We cannot concur. In the case at bar the libel was wholly defective, according to the presumption which the abandonment of its charge has made necessary. It stood, a mere shell, without an averment of any material charge. Apart from this consideration, we are constrained to find that precedents in chancery do not apply. It must be said that a proceeding in divorce in Pennsylvania is in no sense an equitable proceeding, and that principles of equitable jurisprudence do not apply. It is a statutory proceeding, and nothing more, and the statutes have put nothing to the discretion of a chancellor and made no appeal to his conscience. The judge must proceed according to what is expressed, and he has no jurisdiction in divorce by implication or under some general grant of power. The pleadings are not pleadings according to equity. A sworn answer, which is responsive, has not the weight of such an answer to a bill. The judge finds facts, it is true, without a jury, but this he may not do against dissent shown at the proper stage. His power to allow an amendment is statutory, and cannot be held under these circumstances, however meritorious a chancellor might find them, to cover the case of an averment which negatives substantially and in effect the requirement that a libel might not be filed within six months of the alleged desertion, and proceeds to the extreme of setting forth that, at the time the libel was filed, the alleged desertion had not arisen."

In Galbogis *v.* Galbogis, 21 Dist. R. 515, the libellant alleged adultery. On a rule taken, a bill of particulars was filed. A rule was granted the libellant to show cause why the libel and bill of particulars should not be amended by

Ackerman v. Ackerman.

adding to the averments therein that, since the commencement of the action, the respondent had further committed adultery with the same party and divers other persons unknown. The rule to amend was discharged. As a reason for doing so, Judge Magill cited a number of cases, and said in substance: "By this rule it is sought to introduce as cause for divorce alleged offences occurring after the filing of the libel and which did not exist at the time of the commencement of the action. . . . If the libellant sought to amend the libel by adding thereto additional causes of divorce and breaches of the marriage contract, which occurred before the filing of the libel, we would not hesitate to allow such amendment, and there is ample authority for so doing. . . . In the case at bar, if the offence of adultery, as alleged in the libel, was committed on the various dates set forth in the bill of particulars, or on any one of said dates, the cause for divorce was complete before the libel was filed, and upon proper proof of the commission by the respondent of the offence alleged, a divorce will probably be decreed, and it would, therefore, be unnecessary for the libellant to prove the commission of the same offence by the respondent with the same co-respondent after the filing of the libel. If the offence of adultery was not committed prior to the filing of the libel, and libellant has no proof of that fact, then, at the time that her libel was filed, no cause for divorce existed and the action was improperly commenced. If the libellant has not proof of the commission of the alleged offence by the respondent before action brought, but has proof of the commission of the offence since the commencement of the action, he is at liberty to discontinue the present action and begin a new one, based upon alleged offences committed on the dates averred in the petition for this rule to amend; and this we consider the proper practice in such cases, as we are firmly of the opinion that a divorce should not be granted for causes which did not exist at the time of the filing of the libel."

We think that these cases show conclusively that we did not err in excluding testimony of a cause of divorce which arose after the proceeding was commenced. The proceeding is statutory, and the statute only allows a divorce for a cause existing at the time it was commenced, and as the alleged adultery of the respondent is not claimed to have been committed until after the proceedings were commenced, no decree in divorce could be obtained because of it in this proceeding, and all testimony of it was properly excluded.

In Getz v. Getz, 14 Dist. R. 69; Ryan v. Ryan, 19 Dist. R. 856; Litch v. Litch, 27 Dist. R. 1029, a different conclusion is arrived at, but we do not agree with it.

It is complained that the jury should not have found the third issue in favor of the respondent, which, in effect, was finding that the libellant did commit adultery. The effect of this finding could only be to prevent the libellant obtaining a divorce on the ground of adultery, if the jury found that the respondent had committed adultery prior to the commencement of the proceedings. But as the jury, under our instructions, found that the respondent did not commit adultery, it was not necessary for them to decide whether the libellant did or did not do so, as it would amount to nothing. As the verdict on this issue (the third) is, under the circumstances, of no effect, we direct it to be stricken from the record.

We have carefully examined each of the reasons for a new trial and are not satisfied that any of them point out any error. We, therefore, discharge the rule to show cause why a new trial should not be granted.

Rule discharged.

From George Ross Eshleman, Lancaster, Pa.